```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

|  |  |
|---|---|
| JOSE SANCHEZ-SORIANO, A28 528 205,  Plaintiff,  v.  UNITED STATES OF AMERICA; RANDY KERN, Warden, Tri-County Justice and Detention Center; CAPTAIN CLIFF CAVINS, Chief of Security, Tri-County Justice and Detention Center; PULASKI COUNTY, ILLINOIS; THE GEO GROUP, INC.; and ANNA HOSPITAL CORPORATION d/b/a UNION COUNTY HOSPITAL,  Defendants. | Case No. 08 C 4878  Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On August 18, 2007, the Plaintiff was taken into custody by the U.S. Immigration and Customs Enforcement Agency and was placed in the Defendant Tri-County Justice and Detention Center located in Defendant Pulaski County, Illinois. The Defendant, Tri-County Justice Detention Center, was managed by Defendant Geo Group, Inc. Other Defendants include Randy Kern, warden at Tri-County, Cliff Cavins, Chief of Security at Tri-County, and Anna Hospital Corporation d/b/a Union County Hospital, which provided health care services to the inmates of Tri-County. According to

the Complaint, Plaintiff was a paraplegic when he was taken into custody and because of negligent care suffered lesions, deep bed sores, and major infections. Count I of Plaintiff's Complaint is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, alleging negligent care. Count II is brought pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, *et seq.*, also alleging negligent care. Count III is brought against Anna Hospital alleging negligent medical care. Count IV is based on *res ipsa locutor*. The Plaintiff alleges that he is "presently" a resident of Chicago. All of the Defendants reside in Pulaski County, which is located in the Southern District of Illinois.

Three Defendants, Randy Kern, Tri-County, and Pulaski County have moved for transfer of venue to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). The Plaintiff objects mainly on the basis that he chose this forum and he resides here.

## II.  DISCUSSION

To prevail on a Motion to Transfer Venue under § 1404(a), the movant must establish three things: (1) that venue is proper in both the transferor and the transferee court; (2) the transfer will serve the convenience of the parties and the witnesses; and (3) the transfer is in the interest of justice. *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D.Ill., 1999).

Since both parties agree that both this district and the Southern District are proper venues, the first is a non-factor.

The second factor involves consideration of number of sub-factors: the Plaintiff's choice, the situs of material events, access to proof, convenience of witnesses, and the convenience to the litigants. Here the Defendants have a decided edge. Other than Plaintiff's choice of forum and his convenience, all of the factors favor transfer. The Defendants have alleged that all of the events, namely institutional and medical care, giving rise to Plaintiff's suit occurred in Pulaski County. Plaintiff disputes this and claims that he is seeking to challenge the policy that placed him in custody in Pulaski County. However, this is not what his Complaint alleges. His Complaint solely alleges lack of due care on the part of the Defendants in his care, custody, and medical treatment, all of which occurred in Pulaski County. Furthermore, Plaintiff does not even allege what policy he would like to challenge. He does not allege where he was taken into custody, although it can probably be assumed that this occurred in Pulaski County. He does not allege why he was taken into custody although one can also assume that he is a non-resident alien which would probably discount his claim of being a resident of the Northern District of Illinois. *Alegria v. U.S.*, 945 F.2d 1523, 1526 (11th Cir., 1991). (In his brief plaintiff refers to

"individuals detained for immigration violations" which lends credence to the assumption that he is a nonresident alien.)

The Defendants have reasonably alleged that all of the individuals rendering medical care and all of the records concerning that care are located in Pulaski County. Plaintiff alleges otherwise, but does not describe what records he claims are located in the Northern District of Illinois. With regard to the location of witnesses, the Complaint indicates that all of the care complained of occurred in Pulaski County which would mean that, at least at the time of the care, the caregivers were located in Pulaski County. The Defendants are specific in alleging name and substance of the testimony expected of the witnesses and where they reside. Plaintiff alleges without any details (the who or the what) that his post care occurred in the Northern District, but he does not allege what that care entailed. As pointed out by Defendants, Pulaski County is more than 350 miles from the Northern District and some 250 miles beyond this Courts's subpoena power.

The final issue is the interests of justice which includes judicial economy and the relation of the community to the occurrence. As Defendants point out the Northern District currently has almost 100 more cases per judge than the Southern District. The community that has the greater interest in this

litigation is obviously the Southern District because this case involves how that community's jails are operated.

### III. CONCLUSION

For the reasons stated herein, the factors favoring transfer far outweigh the factors disfavoring transfer.  Accordingly, the Defendants' Motion to Transfer Venue is granted.  The case is transferred to the Southern District of Illinois.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/18/2009