IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE SANCHEZ-SORIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-500-DRH |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff was taken into custody by the U.S. Immigration and Customs Enforcement Agency and placed in the Tri-County Justice and Detention Center (TCJDC) located in Pulaski County, Illinois. Plaintiff was a paraplegic when he was taken into custody and, because of the allegedly inadequate care he received while confined, suffered lesions, deep bed sores, and major infections. Plaintiff, represented by counsel, filed a civil action in the United States District Court for the Northern District of Illinois. It appears that all Defendants were served with process and most of the Defendants are represented by counsel. Acting on a motion filed by several Defendants, the Northern District transferred the action to this Court pursuant to 28 U.S.C. § 1404(a).

It is unclear whether Plaintiff was a "prisoner" within the meaning for 28 U.S.C. § 1915A at the time he filed this action. That statute directs federal courts to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the federal courts are to identify cognizable claims and "to dismiss the complaint, or any portion of the complaint" that is frivolous,

malicious, fails to state a claim or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). It appears that the Northern District did not conduct a threshold review of the complaint pursuant to § 1915A before transferring the action to this Court.

Even if Plaintiff is not a "prisoner" for purposes of § 1915A, the provisions of 28 U.S.C. § 1915(e)(2)(B) - which permits a federal court to dismiss a case *sua sponte* at any time if it is frivolous, malicious or fails to state a claim - applies to all civil actions. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999).

Upon review, the Court finds that the claims asserted in the Second Amended Complaint that the Defendants failed to provide adequate care to Plaintiff survive threshold review and should not be dismissed at this time.

If they have not already done so, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:** March 2, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**