IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE SANCHEZ-SORIANO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. ) | Case No.  09-cv-500-JPG-PMF |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are defense motions to dismiss and plaintiff's motion for leave to amend (Doc. Nos. 81, 88, 90, 98, 112). Plaintiff Sanchez-Soriano is currently proceeding on four claims relating to the conditions he experienced at the Tri-County Justice and Detention Center beginning in August, 2007. In his Fourth Amended Complaint, filed on July 20, 2010, Sanchez-Soriano asserts the following claims for damages:

    Count I – claims pursuant to the Federal Tort Claims Act (FTCA)
    Count II – a claim pursuant to the Civil Rights of Institutionalized Persons Act (CRIPA)
    Count III – a negligence claim based on the doctrine of Res Ipsa Loquitur
    Count IV – a claim pursuant to *Bivens v. Six Unknown Named Agents*

Because the motions to dismiss have been fully briefed since November, 2010, those motions will be addressed before the more recent motion for leave to amend.

### Rule 12(b)(6) Motions to Dismiss

1.      Standard for Dismissal

Rule 12(b)(6) authorizes dismissal of pleadings that fail to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). A federal complaint requires only a short and plain

statement of the claim. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even so, the factual allegations must be plausible; there must be enough specific information to raise a right to relief above the speculative level. *Id.*

    2.    Materials Considered

Background information, motions, orders, worksheets, correspondence, and other materials outside of the Fourth Amended Complaint have been discussed by the parties (Doc. Nos. 81, 83, 88, 90, 95, 97, 99, 104). The initial question is whether these extraneous materials will be considered or excluded. If the materials are *not* excluded, the motions must be evaluated as motions for summary judgment. Fed. R. Civ. P. 12(d). Because one motion for summary judgment has been filed and others may be filed in the near future, the Court will restrict its focus here to the allegations in the challenged pleading. Except as noted in this Report, surplus materials have not been considered.

    3.    Effect of Chief Judge Herndon's Decision on Threshold Review

On March 3, 2010, Chief Judge Herndon reviewed an early version of plaintiff's pleading and made an *ex parte* decision not to dismiss any claim at that time (Doc. No. 70). Chief Judge Herndon did not in any way suggest that his assessment would prohibit any defendant from seeking dismissal under Rule 12(b)(6). Accordingly, the threshold order does not preclude consideration of the arguments presented in the pending motions.

4. Document No. 81

This motion challenges the sufficiency of the Second Amended Complaint (Doc. No. 24). Because that pleading has been superceded by plaintiff's Fourth Amended Complaint, the motion (Doc. No. 81) is moot.

5. Count 1 – FTCA

Viewing the allegations in plaintiff's favor, Count 1 asserts two claims for damages: a claim based on allegations of conventional negligence and a claim based on allegations of medical malpractice. The parties agree that relief could not be granted on plaintiff's medical malpractice claim, and plaintiff has stipulated to dismissal of "any medical malpractice claim against any defendant" (Doc. No. 95, p. 3). It appears that plaintiff intended to purge medical malpractice allegations from his Fourth Amended Complaint but that effort was not entirely successful. A few stray allegations of medical malpractice remain. In order to clarify that plaintiff is proceeding under Count 1 only on a claim of conventional negligence, the allegations suggesting medical malpractice should be stricken.

Count 1 generally seeks relief from the "defendants." Defendants The GEO Group, Pulaski County, Randy Kern, and Cliff Cavins seek dismissal of FTCA claims against them.

It is well-established that the United States is the only proper defendant in an action brought under the Federal Tort Claims Act. 28 U.S.C. § 2679; *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Even so, plaintiff suggests that a decision regarding the scope of this claim should be deferred until discovery is completed. Because discovery will not change the exclusive nature of the remedy provided by the FTCA, this suggestion lacks merit. Defendants The GEO Group, Pulaski County, Randy Kern, and Cliff Cavins should be dismissed from Count 1.

      6.     Count 2 – CRIPA

The request for dismissal of Count 2 is based on the assertion that the CRIPA provides a remedy for injunctive relief via litigation initiated personally by the Attorney General. 42 U.S.C. § 1997a. Plaintiff concedes that the Act does not authorize a private right of action. Even so, he suggests a deferred or interlocutory ruling, based on the possibility of future litigation by the Attorney General. In these particular circumstances, the prospect of future litigation is not a valid reason to defer ruling. Count 2 should be dismissed.

      7.     Count 3 - Res Ipsa Loquitur

The Geo Group and Pulaski County challenge Count 3 on the basis that the allegations contain remnants of plaintiff's medical malpractice claim. Because plaintiff has stipulated to dismissal of the medical malpractice claims, the lingering allegations should be stricken.

      8.     Count 4 - *Bivens*

Defendants Kern and Cavins raise several arguments in support of their request for dismissal. Initially, the Court considers their position that Count 4 is based only on allegations of negligence. On July 12, 2010, plaintiff's motion for leave to file the Fourth Amended Complaint was granted in part and denied in part. The proposed claim – Count 4 – was viewed as resting on two legal theories: negligence and deliberate indifference. Plaintiff was *not* authorized to proceed on the negligence theory, which was deemed futile. He was only allowed to proceed on allegations of deliberately reckless acts (Doc. No. 86). Because plaintiff is not proceeding under Count 4 on a negligence theory, this particular argument for dismissal is moot.

Defendants Kerns and Cavins also argue that Count 4 is barred by the applicable 2-year statute of limitations. Plaintiff initially suggests that the defense is barred by the order granting in

part his motion for leave to amend.  That order (Doc. No. 86) did not evaluate or resolve any defenses.  Accordingly, it has no preclusive effect.

In his Fourth Amended Complaint, plaintiff alleges that he submitted a claim for damages to the Department of Homeland Security on February 12, 2008.  The parties accept this date as the date by which plaintiff's *Bivens* claim accrued, marking the start of the applicable 2-year limitation period.  Plaintiff points out that Kern and Cavins were named as defendants in his original pleading, which was filed on August 26, 2008, well within the 2-year period.  The defendants do not address the fact that they were named in the original Complaint and do not discuss the possibility that the amendment adding Count 4 may relate back to the original Complaint.  *See* Fed. R. Civ. P. 15(c)(a).  The statute of limitations defense is not discussed in sufficient detail to permit a considered decision on the merits.  This part of the motion should be denied without prejudice.

Defendants Kern and Cavins also argue that the common law right recognized in *Bivens* has not been and should not be expanded to afford a remedy against them because they are employees of a private corporation.  Both Kern and Cavins are identified as supervising officials of Tri-County Justice and Detention Center.  According to the Fourth Amended Complaint, the center was owned and operated by Pulaski County, Illinois, and was managed by The GEO Group, a Florida business (Doc. No. 87, pp. 2, 15).

Kern and Cavins point out that the Supreme Court has been reluctant to extend *Bivens* liability to any new category of defendants.  *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  The parties recognize that there is a split in the Circuits on this point, with the Ninth Circuit deciding to extend the *Bivens* remedy to reach claims against individuals employed by private corporations and the Fourth and Eleventh Circuits refusing to make that extension.  *See*

*Pollard v. Geo Group Inc.,* 607 F.3d 583*, amended* ___ F.3d ___ (9th Cir. Dec. 10, 2010); *Holly v. Scott*, 434 F.3d 287, 294 (4th Cir. 2006); *Alba v. Montford*, 517 F.3d 1249, 1254 (11th Cir. 2008).

On review of the particular allegations in light of the rationale of these cases, the weight of authority and logic falls on the side of the defendants. Since 1980, the Supreme Court has repeatedly refused to extend the *Bivens* remedy to reach new categories. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007); *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Bush v. Lucas*, 462 U.S. 367 (1983); *Chappell v. Wallace*, 462 U.S. 296 (1983). This steadfast reluctance to expand the remedy in the absence of Congressional action creates a high hurdle for Sanchez-Soriano to overcome. An expansion seems particularly unlikely here, where plaintiff has significant alternative remedies which may provide all the relief he is seeking (damages). Recognizing that the goal of *Bivens* is to deter unconstitutional acts by federal employees, the Supreme Court has given considerable weight to the availability of such alternative remedies. *See Correctional Services Corp. v. Malesko*, 534 U.S. at 72.

Assuming that it would be proper to extend the *Bivens* remedy to plaintiff's circumstances, these defendants point to another deficiency in Count 4 – little to suggest the requisite degree of personal involvement. Kern is identified as warden and Cavins is identified as security chief. They are sued because they had positions of responsibility at the detention center. Yet, supervisory officials are not liable under a *Bivens* theory for the actions or omissions of their subordinates. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009). Hence, an alternative basis for dismissal is the absence of factual allegations showing that Kern and Cavins were personally involved in the alleged deprivation of assistance and care.

6

**Rule 15(a)(2) Motion for Leave to Amend**

Recently, plaintiff filed a motion for leave to amend in order to add a new negligence claim against defendants Geo Group, Inc. and Pulaski County. The motion is opposed on the grounds that the proposed document restates allegations and prayers for relief against dismissed parties and that plaintiff's multiple amendments continue to interfere with efforts to formulate defenses, complete discovery, and bring this litigation to a conclusion (Doc. No. 117).

The rule governing amendments directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts need not afford an opportunity to amend if there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir.1993).

The most recent proposed amendment comes very late, prepared more than two months after motions challenging the sufficiency of the Fourth Amended Complaint were fully briefed, and only weeks before discovery is scheduled to close. Plaintiff has not explained why the proposed conventional negligence claim was omitted from earlier versions of his Complaint. Absent an explanation, the Court is left to infer dilatory motive. If allowed, the new claim would rest on an amorphous legal theory:

> This action sounds in conventional negligence against Defendants Geo Group Inc. & Pulaski County both federal and state and common law, as they may apply

At this late stage of the litigation, the defendants should not be required to speculate as to the identity of the law(s) upon which the new claim rests or seek clarification via another round of motions.

## Conclusion

IT IS RECOMMENDED that the motion to dismiss filed by the United States on May 21, 2010 (Doc. No. 81) be declared MOOT.

IT IS FURTHER RECOMMENDED that the motions to dismiss filed by the United States, Geo Group, Inc., Pulaski County, Randy Kern, and Cliff Cavins (Doc. Nos. 88, 90, 98) be GRANTED in part and DENIED in part, as follows:

(1). Count 1 of the Fourth Amended Complaint should be DISMISSED as to defendants The GEO Group, Pulaski County, Randy Kern, and Cliff Cavins;

(2). All allegations describing medical negligence in Counts 1 and 3 (paragraphs 13, 16(f)) of the Fourth Amended Complaint should be STRICKEN;

(3). Count 2 of the Fourth Amended Complaint should be DISMISSED with prejudice, and;

(4). Count 4 of the Fourth Amended Complaint should be DISMISSED due to inadequate grounds for extending a *Bivens* remedy and for insufficient allegations of personal involvement of Kern and Cavins.

IT IS FURTHER RECOMMENDED that plaintiff's motion for leave to file a Fifth Amended Complaint (Doc. No. 112) be DENIED.

If these recommendations are adopted, Counts 1 and 3 will remain for further proceedings.

SUBMITTED:   February 15, 2011   .

  S/Philip M. Frazier  
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**