UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE SANCHEZ-SORIANO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 09-cv-500-JPG-PMF

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 120) of Magistrate Judge Philip M. Frazier recommending that the Court deny as moot the motion to dismiss filed by the defendant United States (Doc. 81), grant in part and deny in part the motions to dismiss filed by the defendants United States, Geo Group, Inc., Pulaski County, Randy Kern and Cliff Cavins (Docs. 88, 90 & 98), and deny plaintiff Jose Sanchez-Soriano's motion for leave to file a fifth amended complaint (Doc. 112).

    This case arose after Sanchez-Soriano, who is a paraplegic, was taken into custody by the United States Immigration and Customs Enforcement Agency and placed in the Tri-County Justice and Detention Center ("Tri-County"), a facility owned by Pulaski County, Illinois, and managed by Geo Group, a private company. He alleges he received inadequate care while confined and, as a result, suffered serious injury. In August 2008, he filed this lawsuit alleging claims under the Federal Tort Claims Act (Count I) and the Civil Rights of Institutionalized Persons Act (Count II), a claim for negligence under the *res ipsa loquitur* theory (Count III) and a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Count IV).

## I. Report and Recommendation Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has received no objection to the Report relating to its recommended disposition of the pending motions to dismiss (Doc. 81, 88, 90 & 98). The Court has reviewed the entire file and finds that the Report is not clearly erroneous in this respect and, accordingly, will adopt that portion of the Report.

## II. Objection

Sanchez-Soriano objects to the Report's recommendation that the Court deny his motion for leave to file a fifth amended complaint adding a "straight negligence" claim, as opposed to a negligence claim based on *res ipsa loquitur*, against Geo Group and Pulaski County (Doc. 112).

In his motion for leave to amend, filed January 20, 2011, Sanchez-Soriano argues that the addition of a new negligence claim will not require any discovery beyond that which is already needed for Count III, the negligence claim under a *res ipsa loquitur* theory, and that, as a consequence, the new claim will not delay the resolution of this case.

In response, Geo Group and Pulaski County note that Sanchez-Soriano has already amended his complaint four times since 2008 and that, as a consequence of the constantly shifting bases of his lawsuit, they are having difficulty responding to discovery and identifying relevant witnesses. They ask that, if the Court allows a fifth amended complaint, it also extend the

discovery and dispositive motion deadlines, both of which have already passed. They also point out that the claim Sanchez-Soriano wants to add could have been pled at the outset of this litigation but was not.

In the Report, Magistrate Judge Frazier found that Sanchez-Soriano's repeated amendments have interfered with the efforts of Geo Group and Pulaski County to formulate defenses, complete discovery, and bring this litigation to a conclusion. Magistrate Judge Frazier found that the proposed amendment was tendered very late in this litigation and shortly before discovery was scheduled to close in February 2011 without any explanation for the delay. In the absence of a reasonable explanation for the delay, he inferred a dilatory motive. He also noted the amorphous nature of the proposed amendment, which cites only "federal and state and common law, as they may apply," and stated that the defendants should not be forced this late in the game to guess what law on which such a claim is based.

In his objection, Sanchez-Soriano reiterates that his new proposed claim will not require additional discovery because it is based on the same acts as the existing *res ipsa loquitur* negligence claim. He also asserts he has not been dilatory and only recently became aware that Geo Group and Pulaski County were responsible for his care while he was in federal custody.

The Court reviews this matter *de novo*, beginning with Federal Rule of Civil Procedure 15(a), which governs amendment of pleadings. Because the time for amendment as a matter of right has passed, whether Sanchez-Soriano should be allowed to amend his complaint for the fifth time is governed by Rule 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which Sanchez-Soriano has not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided

on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Here, the Court agrees with Magistrate Judge Frazier that it should not exercise its discretion to allow Sanchez-Soriano to amend his pleading a fifth time. This case began in the Northern District of Illinois approximately two and a half years ago. In his original pleading filed in August 2008, Sanchez-Soriano identified Geo Group as the manager and Pulaski County as the operator of the detention facility in which his problems arose. He also pled a negligence claim against them under the Federal Tort Claims Act alleging a number of acts of negligence. His assertions now that he only discovered their role in the events of this care recently are belied by his earlier pleadings. It is clear to the Court that Sanchez-Soriano could have added a "straight negligence" claim much earlier in the life of this case and that his failure to seek to do so until the month before the close of discovery reflects bad faith and/or a dilatory motive.

Furthermore, allowing a fifth amended complaint would cause undue delay in the final resolution of this case. Sanchez-Soriano's proposed Count V is too vague to put Geo Group and Pulaski County on notice of the alleged wrongs and the legal theories on which they rest.

4

Clarifying those issues now would require further discovery – contention interrogatories, for example – beyond the discovery deadline (which has already passed) and would unduly delay the resolution of this old case. This would be unfair to the defendants who have already been burdened by defending against the shifting legal theories put forth in this case.

For these reasons, the Court will adopt the Report to the extent it recommends denying Sanchez-Soriano's motion for leave to file a fifth amended complaint.

### III.     Conclusion

For the foregoing reasons, the Court:

·     **ADOPTS** the Report (Doc. 120) in its entirety as **SUPPLEMENTED** by this order;

·     **DENIES** Sanchez-Soriano's motion for leave to file a fifth amended complaint (Doc. 112);

·     **DENIES as moot** the motion to dismiss filed by the United States (Doc. 81);

·     **GRANTS in part** and **DENIES in part** the motions to dismiss filed by the United States, Geo Group, Inc., Pulaski County, Randy Kern and Cliff Cavins (Docs. 88, 90 & 98).

·     **DISMISSES with prejudice**

  ·     Count 1 against Geo Group, Pulaski County, Kern and Cavins;

  ·     Count II in its entirety;

  ·     Count IV against Kern and Cavins;

·     **STRIKES** all allegations describing medical negligence in Counts 1 and 3 (paragraphs 13 & 16(f) of the Fourth Amended Complaint); and

·     **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  March 22, 2011**

                                                                    s/ J. Phil Gilbert
                                                                    **J. PHIL GILBERT**
                                                                    **DISTRICT JUDGE**