# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSE SANCHEZ-SORIANO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-cv-500-JPG-PMF |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the United States of America's (USA) motion for summary judgment (Doc. No. 108). The claim targeted by this motion is Count 1, which asserts a negligence claim brought under the Federal Tort Claims Act (FTCA). In Count 1, plaintiff Jose Dimas Sanchez-Soriano(Sanchez-Soriano) alleges that federal employees breached a duty of care when they (1) failed to select an appropriate detention center and (2) failed to provide an adequate level of physical care and assistance during his detention. The motion is opposed; a reply is on file (Doc. Nos. 145, 150). Before addressing the substantive arguments, a few housekeeping chores require attention.

**I.  Exhibits**

In support of its motion, the USA outlines Sanchez-Soriano's criminal background. Sanchez-Soriano objects on the basis that his criminal history precedes events at issue in this case and is prejudicial because the Court is the trier of fact (Doc. No. 145, pp. 2-3). The USA responds that Sanchez-Soriano's prior prison confinement is admissible to show his physical condition at the time he was transferred into federal custody (Doc. No. 150, pp. 1-2).

In summary judgment proceedings, a party may object that material cited to support a fact cannot be presented in a form that would be admitted at trial. Fed. R. Civ. P. 56(c)(2). On review of the arguments advanced by the parties, it does not appear that evidence regarding Sanchez-Soriano's prison confinement would not be admissible at trial. Even so, the information does not tend to prove the arguments advanced as grounds for awarding summary judgment to the USA. Accordingly, for purposes of this motion, Sanchez-Soriano's prior criminal history has not been considered.

Sanchez-Soriano's brief includes references to various documents that were not submitted to the Court. For example, there are references to standards promulgated in 2008; deposition testimony provided by Glenn Triveline, Vicki Ice, Glenda Chistiansen, and Christopher McDaniels; Section R from page 18 of a detention standard; and responses to requests for document production. Materials that are not in the record have not been considered. Fed. R. Civ. P. 56(c)(1)(A).

The USA has submitted three exhibits with its reply (Doc. No. 150). Because sur-reply briefs are not allowed, Sanchez-Soriano has not had an opportunity to address those materials. ILSD-LR 7.1(g). Accordingly, exhibits submitted with the reply are also excluded.

**II.    Status of Discovery**

Sanchez-Soriano's response is punctuated by complaints about the status of discovery. These comments have been disregarded. The Court is satisfied that Sanchez-Soriano had a fair opportunity to exchange information with the USA and seek a ruling on any discovery dispute with the USA before his response was due.

### III. Summary Judgment Standard

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of Sanchez-Soriano, the nonmoving party. *Ault v. Speicher, 634 F.3d 942, 945* (7th Cir. 2011).

### IV. Discretionary Function Exception

The USA seeks judgment in its favor on the portion of Sanchez-Soriano's negligence claim targeting the decision to detain him at Tri-County Detention Center(Tri-County). Sanchez-Soriano alleges that this decision departs from the standard of care because Tri-County was not adequate to accommodate a detainee with his physical needs (Doc. No. 87, p. 4).

The United States, as a sovereign, is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act (FTCA) represents a limited waiver of sovereign immunity. The Act applies to torts committed by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Act explicitly excludes any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ...." 28 U.S.C. § 2680(a).[1] The issue to be resolved is whether a decision to detain Sanchez-Soriano at Tri-County was an exercise of a discretionary function or duty.

---

[1] For purposes of this motion, it is assumed that the USA bears the burden of establishing that the discretionary function exception applies.

3

It is undisputed that Sanchez-Soriano was detained in federal custody between July and October, 2007 (Doc. No. 87, para. 13-14). Federal law mandates a period of detention for aliens during the removal period. 8 U.S.C. § 1231(a)(2). The Attorney General has a statutory duty to arrange for "appropriate places of detention." 8 U.S.C. § 1231(g)(1).

Sanchez-Soriano spent some time at a processing center in Broadview, Illinois. That facility is owned and operated by Immigration and Customs Enforcement (ICE), part of the U.S. Department of Homeland Security. During the remaining time, Sanchez-Soriano was detained at Tri-County, also in Illinois. Tri-County is not owned or operated by ICE or any other federal agency. Tri-County is owned and operated by Pulaski County, Illinois.

The relationship between ICE and Pulaski County arose from an intergovernmental service agreement (IGSA) which was executed many years ago between the United States Marshals Service and Pulaski County. That agreement gave Pulaski County the right to accept and hold federal detainees at Tri-County. The terms of the IGSA require Pulaski County to meet certain minimum detention standards, including adequate staff, meals, emergency medical care, smoke and fire detection systems, and water supply and waste disposal programs (Doc. No. 108-1, p. 22). ICE has authority to detain aliens in non-federal facilities pursuant to an IGSA. 8 U.S.C. § 1103(a)(11)(B).

The USA has demonstrated that ICE uses a variety of detention facilities. When choosing a detention center for a particular alien, many factors are taken into consideration, such as the availability of bed space, location, contract costs, transportation, staffing, and facility resources. ICE uses Tri-County and monitors Pulaski County's compliance with applicable detention standards. ICE provides transport, tracking, and removal of detainees while Pulaski County provides housing, subsistence, security, and care. Pulaski County also provides some transport services.

On September 27, 2007, ICE made an official request to the El Salvador Consulate General for issuance of travel documents for Sanchez-Soriano. The El Salvador Consulate has not yet issued the travel documents.

The discretionary function exception has two requirements. The first inquiry is whether the conduct alleged involves an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). This means there is no federal statute or policy prescribing a specific course of action for an employee to follow. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988).

The USA argues that this element of the discretionary function exception applies to the decision to house Sanchez-Soriano at Tri-County, noting that the statute mandating detention necessarily requires the exercise of discretion in choosing a facility. Sanchez-Soriano offers a two-part response. First, he suggests that the materials submitted are insufficient to satisfy the USA's burden of proof. Second, he argues that Pulaski County is governed by a detention standard that removes any room for the exercise of discretion.

Burden of Proof. In suggesting that the burden of proof rests with the USA, Sanchez-Soriano cites to a case applying a section of the Illinois Code of Civil Procedure (Doc. No. 145, p. 2). The Court is not persuaded that the Illinois Code governs the burden of proof on a motion filed in federal court pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Gil v. Reed*, 535 F.3d 551, 558, N.2 (7th Cir. 2008)(observing that federal rules govern procedural matters in an FTCA case).

Sanchez-Soriano also argues that this motion must be supported with evidence "of exactly who made the decision to place Plaintiff at Tri County, what the exact, chronologically relevant detention standard is or any context of the decision that might place the placement of Plaintiff at Tri County within the exception." (Doc. No. 145, p. 8). This argument reflects a misunderstanding of

5

the applicable legal standard. The Court's role is to evaluate the nature of the challenged conduct rather than the subjective intent of the particular person making the decision. *United State v. Gaubert*, 499 U.S. at 325. Here, the nature of the challenged conduct is easily gleaned from the Fourth Amended Complaint and other materials on file: the selection of Tri-County as a detention location for an alien who suffers from paraplegia.

Non-discretionary Detention Standard. Sanchez-Soriano also suggests that facility assignments are subject to a non-discretionary detention standard. He submits a document entitled "INS Detention Standard" in support of his position. This document, dated September 20, 2000, describes the standard for facility medical care and implements a policy of giving detainees access to medical services that promote health and well-being.

Sanchez-Soriano's evidence does not create a triable issue of fact. As noted above, the Attorney General has a statutory duty to arrange for appropriate places of detention for aliens. That the statutory language requires the exercise of discretion cannot be gainsaid. *See Rios-Berrios v. I.N.S.*, 776 F.2d 859, 863 (9th Cir. 1985)(a decision to detain an alien arrested in California at a facility in Florida was within the province of the Attorney General); *Sasso v. Milhollan*, 735 F. Supp. 1045, 1048 (S.D. Fla 1990)(a decision to transfer an alien from one locale to another is within the sound discretion of the Attorney General). The detention standard submitted with Sanchez-Soriano's response does not restrict the Attorney General's discretion in making placement decisions. That is, the policy does not prescribe a specific course of action for an employee to follow when deciding where to detain an alien during the removal period.

The second inquiry for application of the discretionary function exception is whether the challenged conduct amounts to a permissible exercise of policy judgment. *Berkovitz*, 486 U.S. at

537; *Reynolds v. U.S.*, 549 F.3d 1108, 1112 (7th Cir. 2008). The United States argues that this element has been met with the affidavit of Louie Zamora. Zamora, who has worked for federal immigration agencies for many years, explains that a variety of factors grounded on policy considerations are considered when a detention facility is selected. Sanchez-Soriano tenders no evidence opposing Mr. Zamora's testimony.

The USA has satisfied its burden of proof. As noted above, factors such as availability of bed space, contract costs, staffing, resources, and travel are assessed when a detention facility is selected. Those factors reflect the economic, social and political concerns the discretionary function exception is designed to protect.

In sum, Sanchez-Soriano's claim that federal employees breached a duty of care by selecting Tri-County as the place for his detention is barred by the FTCA's discretionary function exception. The USA is immune from liability on this aspect of Count 1 and is entitled to judgment in its favor.

### V. Independent Contractor Exception

The USA also seeks judgment in its favor on the remaining part of Sanchez-Soriano's tort claim on the basis that liability for inadequate care at Tri-County is barred by the independent contractor exception. Specifically, the USA contends that Pulaski County is an independent contractor rather than a federal employee or agency. Sanchez-Soriano responds that the independent contractor exception does not apply because the federal government exercises a high level of control over and is involved in day-to-day activities at Tri-County.

The FTCA makes clear that a federal agency does not include any contractor with the United States. 28 U.S.C. § 2671. Whether Tri-County is an independent contractor is a question of federal law. The question turns on whether the government had authority to control the "detailed physical

7

performance of the contract." *Logue v. United States*, 412 U.S. 521, 527 (1973). Because the government may "fix specific and precise conditions to implement federal objectives," the inquiry is not whether Pulaski County has an obligation to meet federal regulations and standards but whether the federal government has authority to supervise the day-to-day performance of Tri-County employees. *See United States v. Orleans*, 425 U.S. 807, 816 (1976).

The Court has reviewed the terms of the underlying contract, as amended, along with the other information submitted. These materials do not suggest that Pulaski County is a federal employee rather than an independent contractor. Article 1 of the IGSA gives responsibility for providing care for federal detainees to Pulaski County. There is no provision giving federal employees authority to supervise daily operations at the Tri-County facility.

**VI.     Conclusion**

IT IS RECOMMENDED that the USA's motion for summary judgment (Doc. No. 108) be GRANTED. At the conclusion of this case, judgment should be entered in favor of the USA and against plaintiff Sanchez-Soriano on Count 1.

**SUBMITTED:    August 2, 2011   .**

                                                       **S/Philip M. Frazier**
                                                     **PHILIP M. FRAZIER**
                                                   **UNITED STATES MAGISTRATE JUDGE**