UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE SANCHEZ-SORIANO,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 09-cv-500-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 155) of Magistrate Judge Philip M. Frazier recommending that the Court grant the United States' motion for summary judgment on Count I (Doc. 108). Plaintiff Jose Sanchez-Soriano has filed objections to the Report and has attached to his objections deposition transcripts and exhibits that were not attached to his response to the summary judgment motion (Docs. 156 & 159). The United States has responded to Sanchez-Soriano's objection (Doc. 161). The United States also objects to the Report (Doc. 157) and asks the Court to strike the evidentiary materials submitted by Sanchez-Soriano with his objections (Doc. 160).

**I.    Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.     Background**

From July to October 2007, Sanchez-Soriano was in the legal custody of United States Immigrations and Customs Enforcement ("ICE") and was being housed in the Tri-County Detention Center ("Tri-County"), a non-federal facility owned and operated by Pulaski County, Illinois. Tri-County was housing Sanchez-Soriano pursuant to an intergovernmental service agreement ("IGSA") Pulaski County had with the United States Marshals Service to house federal detainees. Sanchez-Soriano is paraplegic and alleges that during his stay at Tri-County he did not receive the care he needed and, as a result, developed bedsores, lesions and other injuries. Sanchez-Soriano believes ICE breached its duty of care to him by failing to select an appropriate detention center and by failing to ensure that detention center provided an adequate level of physical care during his detention.

Sanchez-Soriano brought this case against a variety of people or entities connected with his detention, including the United States. The current operative pleading, the Fourth Amended Complaint, alleges causes of action under the Federal Tort Claims Act ("FTCA") (Count I), under the Civil Rights of Institutionalized Persons Act (Count II), under a *res ipsa loquitur* negligence theory (Count III), and under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count IV). The Court has dismissed Count I against defendants Geo Group, Pulaski County, Randy Kern and Cliff Cavins, Count II and Count IV[1] in their entirety (Doc. 135). The Court further struck Sanchez-Soriano's allegations of medical negligence in Counts I and III. The United States remains a defendant in Counts I and III.

---

[1]Count IV was only pled against defendants Kern and Cavins.

A. <u>The Motion Briefing</u>

The United States' motion for summary judgment (Doc. 108) asks the Court to find that the sovereign immunity of the United States renders it immune from Sanchez-Soriano's claims. Specifically, it argues that the discretionary function exception and the independent contractor exception to the FTCA's waiver of sovereign immunity bar Sanchez-Soriano's claims against the United States. Alternatively, it argues that the United States is not substantively liable for any FTCA violation. In setting forth its argument, the United States refers in passing to Sanchez-Soriano's criminal history.

In response (Doc. 145), Sanchez-Soriano argues that Tri-County is not an independent contractor because federal standards control its housing of detainees for United States agencies. It believes because it does not have complete control over its own operations in housing federal detainees, the independent contractor exception to the FTCA immunity waiver does not apply. In support of this argument, Sanchez-Soriano points to deposition testimony of two federal employees involved in inspections of Tri-County, but he fails to attach the depositions to his response. Sanchez-Soriano also argues that the United States has not provided specific details showing the decision to place Sanchez-Soriano at Tri-County was an exercise of discretion for policy reasons. He also points to the relevant Immigration and Naturalization Service (ICE's predecessor) Detention Standard for medical care to argue there was no discretion in detainee placement and care decisions. Therefore, Sanchez-Soriano argues, the discretionary function exception to the FTCA immunity waiver does not apply. In support of this argument, Sanchez-Soriano points to deposition testimony, which he failed to attach to his response. He also counters the United States' substantive argument by citing to exhibits generally without

3

identifying them or explaining their significance.

In reply (Doc. 150), the United States reiterates its prior arguments and argues that Sanchez-Soriano arrived at Tri-County with the ulcers and lesions he claims to have developed there and that Tri-County was an appropriate placement for him. It attaches exhibits to its brief to counter Sanchez-Soriano's unsupported factual allegations in his brief.

B.  The Report

Magistrate Judge Frazier decided:

- to exclude from consideration Sanchez-Soriano's criminal history because it is immaterial to the United States' immunity arguments;

- to exclude from considerations materials Sanchez-Soriano referenced in his response but which were not attached to his brief;

- to exclude from consideration materials the United States submitted with its reply brief because they were, in effect, a sur-reply brief;

- to disregard Sanchez-Soriano's complaints about the status of discovery;

- that the discretionary function exception to the FTCA's waiver of sovereign immunity applied to Sanchez-Soriano's complaints about his placement at Tri-County because the selection of Tri-County, among all the facilities controlled by ICE or that had IGSAs enabling them to house federal detainees, was a discretionary decision made for policy reasons; and

- that the independent contractor exception to the FTCA's waiver of sovereign immunity applied to Sanchez-Soriano's complaints about the adequacy of the care he received at Tri-County because, although Tri-County was required to meet minimum federal detention and care standards and its compliance was monitored by federal inspectors, the United

States did not control Pulaski County's detailed physical performance of its IGSA. The Report did not address the United States' substantive arguments regarding negligence. Magistrate Judge Frazier recommended that the Court grant summary judgment in favor of the United States on Count I.

### C. Objections

As a preliminary matter, no party objects to the relevant legal standards set forth in the Report. The Court has reviewed for clear error those and other portions of the Report to which no objection was made; it finds none. Accordingly, it will adopt those standards as set forth in the Report and the other portions of the Report to which no objection was made.

#### 1. Sanchez-Soriano

Sanchez-Soriano believes Magistrate Judge Frazier erred when he failed to consider the deposition testimony and other exhibits cited but not attached to his response to the summary judgment motion, and he attaches most relevant portions of those depositions to his objection. The Court considers this issue *de novo* and finds that the Report was correct in its decision. Federal Rule of Civil Procedure 56(c)(1) states, in pertinent part, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by – (A) citing to particular parts of materials *in the record* . . . ." (emphasis added). Rule 56(e) further provides, in pertinent part, "If a party fails to properly support an assertion of fact . . . the court may . . . (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it. . . ." Sanchez-Soriano offered no reason at the time of his response and offers no reason now why he did not file his exhibits with his response. The decision to disregard Sanchez-Soriano's unsupported factual allegations in his response was correct, as was Magistrate Judge Frazier's conclusion that the United States' motion showed it

5

was entitled to summary judgment based on the evidence before him.

Furthermore, even had Magistrate Judge Frazier considered the materials that were not available to him at the time, his conclusion would still be correct. The Court has reviewed the portions of the missing depositions cited in Sanchez-Soriano's summary judgment response[2] and has found that they do not create a genuine issue of material fact about the applicability of the discretionary function or independent contractor exceptions to the FTCA's waiver of sovereign immunity.

With respect to the independent contractor exception, the depositions of Christopher Lee McDaniels and Glenn Triveline show no more than that Tri-County was subject to minimal federal detention standards on a variety of topics and periodic review and that Tri-County did not always comply with those standards. When it did not, Pulaski County was responsible for implementing a corrective plan, and ICE was ultimately responsible for ensuring that Tri-County came into compliance with the standards. McDaniels' testimony also established that ICE was responsible for deciding whether ICE detainees would be transferred from Tri-County to another facility and for making certain notifications when such a transfer occurred. These depositions do not, however, show that the United States controlled the detailed conduct of Pulaski County in performing the IGSA such that Pulaski County should be deemed a United States agency and not a mere independent contractor. Therefore, there is no genuine issue of material fact regarding whether the independent contractor exception applies.

---

[2] The Court did not consider materials Sanchez-Soriano filed but did not cite in his brief. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). It is not the Court's function to "scour the record in search of evidence to defeat a motion for summary judgment." *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). It is Sanchez-Soriano's burden to cite relevant evidence, and the Court will not do his work for him.

With respect to the discretionary function exception, Triveline's deposition shows that a 2000 INS Detention Standard governed detainee access to medical services. The standard specifically required a detention facility to notify federal authorities when a detainee was diagnosed with a condition requiring special attention (Section J). It also contained special provisions to ensure proper medical care and transfer of records when a detainee was transferred or released (Section N). The standard does not, however, cabin the discretion of ICE regarding selection of appropriate detention facilities to house detainees or show that the discretion allowed to ICE was not exercised for policy reasons.

The depositions of Vicki Ice and Glenda Christensen do not provide any evidence relevant to the discretionary function or independent contractor exceptions to the FTCA waiver of sovereign immunity.

    2.  <u>United States</u>

The United States first objects that the Report was limited to the disposition of Count I when it intended to request summary judgment on Counts I and III. After careful review of the United States' motion, the Court finds that it was not limited to Count I and could reasonably be construed to be directed to Count III as well. Count III, a negligence claim, must necessarily be brought against the United States under the FTCA, so arguments based on defenses under the FTCA are equally applicable to Count III. Sanchez-Soriano would not be prejudiced by the Court's construing the United States' motion to apply to Count III since the arguments are identical to those advanced to defeat Count I, and Sanchez-Soriano had sufficient motivation and opportunity to respond to those arguments no matter which counts they addressed. Furthermore, Sanchez-Soriano did not respond to the United States' objection to express any opposition to it.

The United States also faults Magistrate Judge Frazier for excluding the exhibits it

submitted with its reply brief and in disregarding Sanchez-Soriano's criminal history. These objections have no bearing on the ultimate disposition of the United States' summary judgment motion, which, as discussed above, the Court will grant. Therefore, the Court need not give an advisory ruling on these objections.

### III. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 155) in its entirety as **SUPPLEMENTED** by this order;

- **GRANTS** the United States' motion for summary judgment on Counts I and III (Doc. 108). The United States is terminated from this action;

- **DENIES as moot** the United States' motion to strike the exhibits attached to Sanchez-Soriano's objection (Doc. 160); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: December 14, 2011**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**