UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE SANCHEZ-SORIANO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 09-cv-500-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 162) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for summary judgment on Count III filed by defendants Geo Group, Inc., Pulaski County, Randy Kern and Cliff Cavins (Doc. 127). Plaintiff Jose Sanchez-Soriano has filed objections to the Report (Doc. 163). Attached to his objections are deposition transcripts Sanchez-Soriano cited in his response to the defendants' summary judgment motion but which he failed to attach to that response.

**I.    Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Background**

From July to October 2007, Sanchez-Soriano was housed in the Tri-County Detention

Center ("Tri-County"), a detention facility administered by defendant Geo Group. Sanchez-Soriano is paraplegic and alleges that during his stay at Tri-County, Geo Group did not provide the non-medical care he needed and, as a result, he developed a decubitus ulcer and urinary tract infection. Sanchez-Soriano believes Geo Group is liable to him for negligence under a *res ipsa loquitur* theory and has expressly limited his negligence claim to that theory.

Sanchez-Soriano brought this case against a variety of people or entities connected with his detention, including Geo Group, Pulaski County, Randy Kern, and Cliff Cavins. The current operative pleading, the Fourth Amended Complaint, alleges causes of action under the Federal Tort Claims Act (Count I), under the Civil Rights of Institutionalized Persons Act (Count II), under a *res ipsa loquitur* negligence theory (Count III), and under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count IV). The Court has disposed of Counts I, II and IV in their entirety. The only remaining claim is Count III against Geo Group, Pulaski County, Kern and Cavins. Sanchez-Soriano does not object to entry of summary judgment in favor of Pulaski County, Kern and Cavins, so the Court need only consider the question of whether Geo Group is entitled to summary judgment as well.

## III.    The Report and Objections

Magistrate Judge Frazier decided to exclude from consideration the medical literature and deposition testimony Sanchez-Soriano referenced in his response but which were not attached to his brief. He set forth the relevant legal standards for proving negligence under a *res ipsa loquitur* theory, and no party has objected to that part of the Report. The Court has reviewed for clear error those and other portions of the Report to which no objection was made; it finds none. Accordingly, it will adopt those standards as set forth in the Report and the other portions of the Report to which no objection was made.

2

Based on the evidence in the record, Magistrate Judge Frazier found that decubitus ulcers are avoidable with proper care but that Sanchez-Soriano had not produced evidence that any non-medical negligence was the instrumentality of his injury (either the ulcer or urinary tract infection).  He further found there was no evidence that any instrumentality was in the exclusive control of Geo Group such that it could be liable under a *res ipsa loquitur* theory.

Sanchez-Soriano believes Magistrate Judge Fraziererred when he failed to consider the deposition testimony and other exhibits cited but not attached to his response to the summary judgment motion, and he attaches most relevant portions of those depositions to his objection. The Court considers this issue *de novo* and finds that the Report was correct in its decision. Federal Rule of Civil Procedure 56(c)(1) states, in pertinent part, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials *in the record* . . . ." (emphasis added).  Rule 56(e) further provides, in pertinent part, "If a party fails to properly support an assertion of fact . . . the court may . . . (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it. . . ."

Sanchez-Soriano offered no reason at the time of his response – and offers no reason now – why he did not file his exhibits with his response.  In fact, the Court made Sanchez-Soriano aware on August 2, 2011, in another Report and Recommendation in this case (Doc. 155) that it was improper to omit cited deposition testimony from a brief.  At that time the Report on the instant motion had not been issued, and Sanchez-Soriano should have realized his delinquency and sought to cure it.  Instead, he waited until his September 15, 2011, objection to tender the missing materials.  In light of Sanchez-Soriano's clear non-compliance with federal rules and his failure to timely cure it, the decision to disregard Sanchez-Soriano's unsupported factual

3

allegations in his response was correct, as was Magistrate Judge Frazier's conclusion that the defendants' motion showed they were entitled to summary judgment based on the evidence before him.

Furthermore, even had Magistrate Judge Frazier considered the materials that were not available to him at the time, his conclusion would still be correct. The Court has reviewed the portions of the missing depositions cited in Sanchez-Soriano's summary judgment response[1] and has found that they do not create a genuine issue of material fact. In fact, most of the missing deposition testimony is consistent with the facts Magistrate Judge Frazier found in Sanchez-Soriano's favor in the Report, that is, that decubitus ulcers are preventable and that Sanchez-Soriano arrived at Tri-County without one. However, it also supports the position that insufficient *medical care* – an issue that was removed from this case when Sanchez-Soriano's medical negligence allegations were stricken from his pleading (*see* Doc. 135) – could have contributed to Sanchez-Soriano's ulcers. In light of this alternate possible contributing cause, Sanchez-Soriano cannot show that decubitus ulcers do not ordinarily happen in the absence of non-medical negligence, a fact necessary to prevail under a *res ipsa loquitur* theory.

**V.  Conclusion**

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 162) in its entirety as **SUPPLEMENTED** by this order;

- **GRANTS** the motion for summary judgment on Count III filed by defendants Geo Group, Inc., Pulaski County, Randy Kern and Cliff Cavins (Doc. 127); and

---

[1] The Court did not consider materials Sanchez-Soriano filed but did not cite in his brief. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . ."). It is not the Court's function to "scour the record in search of evidence to defeat a motion for summary judgment." *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). It is Sanchez-Soriano's burden to cite relevant evidence, and the Court will not do his work for him.

4

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 2, 2012**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**