UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSE SANCHEZ-SORIANO,

    Plaintiff,

  v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 09-cv-500-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jose Sanchez-Soriano's objections (Docs. 171 & 172) to the bills of costs filed by defendant United States of America (Doc. 167) and by defendants GEO Group, Inc., Pulaski County, Randy Kern and Cliff Cavins (Doc. 169). The United States requests taxation of costs in the amount of $2,543.50, and defendants GEO Group, Inc., Pulaski County, Kern and Cavins request taxation of costs in the amount of $1,134.00. Sanchez-Soriano does not take issue with the propriety of the costs requested but instead asks the Court to exercise its discretion to decline to award costs.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In

deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

Sanchez-Soriano points to the great economic burden taxation of costs would be on him. He is a paraplegic paralyzed from the chest down, suffers from health complications related to his paralysis, is effectively unemployable for the rest of his life and has a limited command of the English language. Indeed, the documentation submitted in support of Sanchez-Soriano's recent motion for leave to proceed on appeal *in forma pauperis* demonstrates his indigency and the unlikelihood he will be able to pay the costs now or in the future. However, the Court notes that, this litigation was prolonged because of Sanchez-Soriano's repeated efforts to amend his complaint to finally settle on the claims he wanted to pursue, even late into the litigation. The circumstances behind the efforts at amendment led the Court to find bad faith and/or a dilatory motive (Docs. 120 & 135). It is telling that the operative pleading in this case was the *fourth* amended complaint, and Sanchez-Soriano would have liked to have filed an even later one (*see* Doc. 112, Motion for Leave to File Fifth Amended Complaint) had the Court allowed it. His shifting legal theories interfered with the efforts of some defendants to formulate their defenses, complete discovery and bring the litigation to a timely conclusion (Doc. 135).

The Court believes these circumstances warrant a reduction in the taxation of costs.

Despite Sanchez-Soriano's physical and economic condition, he still must bear some responsibility for the defendants' burden in defending a suit which he unduly prolonged and in which he did not prevail.  This is particularly true where two of the defendants are government bodies, so their expenses if not paid by Sanchez-Soriano will be effectively paid by taxpayers. *Burroughs v. Hills*, 741 F.2d 1525, 1538 (7th Cir. 1984) (Posner, J., concurring).  Nevertheless, he is indigent with very little chance of escaping that state.

For these reasons, the Court will use its discretion to reduce but not eliminate the taxation of costs.  The Clerk of Court is **DIRECTED** to tax costs in the amount of $1,017.40 to the United States and in the amount of $453.60 to GEO Group, Inc., Pulaski County, Kern and Cavins.

**IT IS SO ORDERED.**
**DATED:  April 2, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**